WENDY S. GERBOTH
California Bar No. 167687
964 Fifth Avenue, Suite 214
San Diego, California 92101
Facsimile: (619) 699-5967
Telephone: (619) 699-5969

wendysgerboth@hotmail.com

Attorneys for Defendant Huante-Hernandez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE WILLIAM Q. HAYES)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DALIA HUANTE-HERNANDEZ,<br><br>    Defendant. | Criminal Case No. 07-CR-3419-WQH<br><br>Date: February 19, 2008<br>Time: 2:00 p.m.<br><br>DEFENDANT'S STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HER MOTIONS |

**I.**

**STATEMENT OF FACTS**

Dalia Huante-Hernandez is currently charged in a two count information with two counts of violating 8 U.S..C. § 1325. She anticipates the government will file a superseding indictment charging her with one count of violating 8 U.S.C. § 1326 in connection with her entry into the United States on or about November 9, 2007. Defense counsel has received approximately 90 pages of discovery.

**II.**

**MOTION TO COMPEL DISCOVERY**

In order to both preserve the defendant's rights and assist the government in making full

1  and complete disclosure as required by law, Ms. Huante lodges the following specific
2  discovery requests pursuant to Fed. R. Crim. P. 16:
3       (1)  All written or oral statements made by the defendant.  This request includes, but is
4  not limited to, any rough notes, records, reports, transcripts or other documents in which
5  statements of the defendant are contained and in the possession of the United States or allied
6  state law enforcement agency.  It also includes the substance of any oral statements regardless
7  of whether the government intends to introduce at trial.  These are discoverable under Fed. R.
8  Crim. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963).  The defendant also requests
9  any response to any Miranda warnings which may have been given to him, whether oral or
10 written.  See United States v. McElroy, 697 F.2d 459 (2d Cir. 1982);
11      (2)  All documents, statements, agents' reports, and tangible evidence favorable to the
12 defendant on the issue of guilt or punishment, or which affects the credibility of the
13 government's case.  This evidence must be produced pursuant to Brady v. Maryland, 373 U.S.
14 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976) immediately upon discovery by the
15 government.  The defendant specifically requests  post-arrest statements ;
16         (3)  All evidence, documents, records of judgments and convictions, photographs
17 and tangible evidence, and information pertaining to any prior arrests and convictions or prior
18 bad acts.  Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(B).  Evidence of
19 prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b)
20 and 609.
21      (4)  All evidence seized as a result of any search or arrest, with or without a warrant, in
22 this case.  The defendant requests disclosure of all evidence obtained as a result of these
23 searches which generated evidence which will be used by, or which lead to the discovery of
24 evidence to be used by the government at trial.  This discovery is available under Fed. R. Crim.
25 P. 12(d) and 16(a)(1)(C);
26      (5)  All arrest reports, investigator's notes, memos from arresting officers, sworn
27 statements, and prosecution reports pertaining to the investigation which resulted in the arrest of
28 the defendant.  These may be available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R.

2

1  Crim. P. 26.2 and 12(i);

2      (6) The defendant requests that the government to review all files on all agents involved
3  in the present case for impeachment material. Given the fact that such impeachment evidence
4  is often secreted in various different files, he requests that the government not limit its search
5  solely to personnel files. This is required under United States v. Henthorn, 930 F.2d 920 (9th
6  Cir. 1991);

7      (7) All other documents and tangible objects, including photographs, books, papers,
8  documents, photographs, or building or places or copies of portions thereof which are material
9  to the defendant's defense or intended for use in the government's case-in-chief or were obtained
10 from or belong to the defendant. These materials are available under Rule 16(a)(1)(C);

11     (8) Any express or implicit promise, understanding, offer of immunity, of past, present,
12 or future compensation, or any other kind of agreement or understanding between any
13 prospective government witness and the government (federal, state and local), including any
14 implicit understanding relating to criminal or civil income tax, forfeiture or fine liability. United
15 States v. Shaffer, 789 F.2d 682 (9th Cir. 1986); United States v. Risken, 788 F. 2d 1361 (8th
16 Cir. 1986); United States v. Luc Levasseur, 826 F.2d 158 (1st Cir. 1987). This request also
17 includes any discussion with a potential witness about or advice concerning any contemplated
18 prosecution, or any possible plea bargain, even if no bargain was made, or the advice not
19 followed. Brown v. Duggen, 831 F.2d 1546, 1558 (11th Cir. 1986) (evidence that witness
20 sought plea bargain is to be disclosed, even if no deal struck); Haber v. Wainwright, 756 F.2d
21 1520, 1524 (11th Cir. 1985);

22     (9) Any evidence that any prospective government witness is biased or prejudiced against
23 the defendant, has a motive to falsify or distort his or her testimony or is prejudiced against
24 Latinos. Pennsylvania v. Ritchie, 480 S.Ct. 39 (1989); United States v. Strifler, 851 F.2d 1192
25 (9th Cir. 1988);

26     (10) Any evidence that any prospective government witness has engaged in any criminal
27 act whether or not resulting in a conviction. See Rule 608(b), Federal Rules of Evidence and
28 Brady;

  (11) Any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct, United States v. Chitty, 760 F.2d 425 (2d Cir.), cert. denied, 474 U.S. 945 (1985);

  (12) Any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197 (9th Cir. July 11, 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980);

  (13) the name and last known address of each prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 583 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses);

  (14) The name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness. United States v. Cadet, 727 F.2d 1469 (9th Cir. 1984);

  (15) The name, address and telephone number of each percipient witness to the crimes charged, regardless of whether the government intends to call such witness at trial, or for any other proceeding;

  (16) The name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was uncertain of his identity, or participation in the crime charged. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); James v. Jago, 575 F.2d 1164, 1168 (6th Cir. 1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1975);

  (17) The defendant requests a transcript of the grand jury testimony and rough notes of witnesses expected to testify at the motions hearing. The defendant will be requesting all material available pursuant to Fed. R. Crim. P. 12(i), 26.2 and 18 U.S.C. § 3500 at every opportunity, and where the material is not disclosed in advance, will also request whatever

amount of time is necessary for the defense to properly make use of or other wise investigate the material disclosed;

(18) Disclosure of all scientific evidence, including all reports of examinations and tests, and disclosure of all expert testimony, in compliance with Fed. R. Crim. P., 16(a)(1)(d) and (e). In particular, the government's attention is drawn to the requirement that all expert testimony must be disclosed in advance, along with discovery of the basis and reasons for the expert's opinion, and his or her qualifications as an expert;

(19) Residual Request: the defendant intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States.

## III.
## MOTION FOR LEAVE TO FILE FURTHER MOTIONS

The defendant requests that the Court grant him leave to file further motions after the discovery process has been completed.

## IV.
## CONCLUSION

Based upon the foregoing, the defendant respectfully requests that this Court grant his motions.

Respectfully submitted,

Date: February 7, 2008

/s/ Wendy S. Gerboth
WENDY S. GERBOTH
Attorneys for Ms. Huante

5